IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NOLAN FREDERICK JOHNSON, 1513907, )<br>Petitioner, )<br>)<br>v.                                                                           )<br>)<br>RICK THALER, Director, Texas                       )<br>Dept. Of Criminal Justice, Correctional        )<br>Institutions Division,                                       )<br>Respondent.                            ) | No. 3:10-CV-1010-G |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I.      Procedural Background**

Petitioner challenges his conviction for aggravated assault with a deadly weapon. *State of Texas v. Nolan Frederick Johnson*, F-0723502-R (265th Dist. Ct., Dallas County, Tex., May 23, 2008). The court sentenced Petitioner to forty years imprisonment. On May 26, 2009, the Fifth District Court of Appeals affirmed the conviction and sentence. *Johnson v. State*, Nos. 05-08-00898-CR (Tex. App. – Dallas May 26, 2009, no pet.). Petitioner did not file a petition for discretionary review.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

On December 11, 2009, Petitioner filed a state habeas petition. *Ex parte Johnson*, No. 73,461-02. On April 28, 2010, the Court of Criminal Appeals denied the application without written order on the findings of the trial court.

On May 16, 2010, Petitioner filed the instant petition. He argues:

1. His guilty plea was involuntary because:

    (A) his medical condition prevented him from understanding the proceedings;

    (B) he was promised a plea bargain which was not enforced;

    (C) the judge led him to believe he would receive probation or a lesser sentence by stating that probation was a possibility;

    (D) the judge failed to determine if the plea was voluntary.

2. He received ineffective assistance of counsel because:

    (A) counsel failed to secure the plea bargain offered by prosecutors;

    (B) counsel advised him to plead open to the court; and

    (C) counsel led him to believe a plea bargain was in place; and

3. The court abused its discretion by sentencing Petitioner to prison.

On August 20, 2010, Respondent filed his answer. On September 2, 2010, Petitioner filed a reply. The Court finds the petition should be denied.

## II.     Discussion

**1.     Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 2**

> (d)   An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.    Procedural Bar**

Petitioner argues his medical condition prevented him from understanding his guilty plea, and that his medical condition made him susceptible to accepting his counsel's advice to plead open to the court. He also argues the court abused its discretion by sentencing him to prison. Respondent argues these claims are procedurally barred.

A federal court will ordinarily not review a claim where a petitioner has not presented his claim to the highest court of the state and the state court to which he would be required to

present his claims would now find the claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

The record reflects that Petitioner failed to raise these claims in either a PDR or his state habeas petition. Accordingly, the Texas Court of Criminal Appeals has not reviewed the claims. The claims cannot be reviewed by a state court because it is too late to file a petition for discretionary review. If this Court were to require Petitioner to return to state court to exhaust these claims, they would be subject to dismissal.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown sufficient cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id*. (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not

overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on these claims.

**3.      Guilty Plea**

Petitioner argues his guilty plea was involuntary. He states: (1) he was promised a plea bargain by the state and his counsel which he did not receive; (2) the judge led him to believe he would receive probation or a lesser sentence; and (3) the judge failed to determine if his plea was voluntary.

The record, however, reflects that Petitioner told the court he was freely and voluntarily entering his guilty plea. (Plea Tr. at 2.) Petitioner also informed the court he was pleading guilty to one enhancement paragraph and not true to a second enhancement paragraph. (*Id*. at 3.) The court informed Petitioner that one enhancement paragraph would raise his sentence range to a first-degree felony with a minimum sentence of five years in prison and a maximum sentence of 99 years or life in prison. (*Id*. at 3-4.) The court told Petitioner that if the court also found the second enhancement paragraph to be true, Petitioner's sentence range would be a minimum of twenty-five years in prison and a maximum of 99 years or life in prison. (*Id*. at 4.) Petitioner stated he understood his sentence range. (*Id*.)

Additionally, the record shows that Petitioner understood there was no plea bargain, and that the court could set his punishment anywhere within the punishment range. The record states:

> COURT:             There is no plea bargain agreement in this case; is that correct?
>
> PETITIONER:        That's correct.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 5**

| | |
|---|---|
| COURT: | My understanding is this case is going to be reset, you are going to have a presentence report prepared by the Dallas County Probation Department, and my understanding is you're asking for probation on this case with SAFPF special needs. |
| COUNSEL: | Yes, Your Honor. |
| COURT: | Is that correct? |
| COUNSEL: | Yes, Your Honor. |
| COURT: | And you understand that since there is no plea bargain agreement I'm not bound by an recommendation by the State, I'm not bound by any requests by you. You understand that? I can give this case full consideration and can set your punishment anywhere within the range provided by law. Do you understand that? |
| PETITIONER: | Yes, sir. |

(*Id.* at 5-6.)

Additionally, Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight").

In this case, Petitioner signed a judicial confession and guilty plea stating that he was guilty of the charges. (Clerk's Record at 23-24; 25-26.) Petitioner has failed to show that his guilty plea was involuntary.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 6**

**4.      Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688.  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*.  "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner argues his counsel was ineffective because he failed to enforce the state's plea offer of 18 years confinement, advised Petitioner to enter an open plea and led him to believe that a plea agreement was in place.

Both Petitioner and defense counsel agree that the prosecutor offered Petitioner a plea bargain of eighteen years in prison.  On state habeas review, defense counsel submitted an

affidavit stating that he and Petitioner's pastor met with Petitioner at the jail. Defense counsel states that at that time, Petitioner accepted the eighteen year offer. (Affidavit, State Court Findings at 7.) On the morning of the plea, however, defense counsel states Petitioner decided not to accept the offer and instead decided to go open to the court in the hope of being sentenced to probation and drug treatment. (*Id.*) Defense counsel stated he advised Petitioner not to go open to the court, but to accept the eighteen year plea offer. (*Id.*) Petitioner has failed to show the state court's decision to deny relief on these claims was contrary to federal law or was unreasonable.

Petitioner also acknowledge at the plea hearing that there was no plea agreement in place. (Plea Tr. at 5.) His claim that counsel was ineffective because counsel led him to believe that a plea agreement was in place is without merit.

**5.   Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 5th day of September, 2012.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 8**

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 10**